# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION

**MICHAEL EYES,** *individually, and on behalf of himself and other similarly situated current and former employees,*

Plaintiff,

NO. _____

v.

**UNITED PROPANE GAS, INC.**, *a Kentucky Corporation, and* **ERIC T. SMALL,** i*ndividually*,

FLSA Opt-In Collective Action
**JURY TRIAL DEMANDED**

Defendants,

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Michael Eyes ("Plaintiff"), individually, and on behalf of himself and all other similarly situated current and former delivery drivers of United Propane Gas, Inc. and Eric T. Small, individually (collectively "Defendants"), brings this collective action against Defendants and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former delivery drivers of Defendants, as defined herein.

2. At all times material to this Collective Action, Plaintiff Eyes and those similarly situated performed work for Defendants as delivery drivers, and were not compensated for hours

1

worked over forty (40) per week within weekly pay periods at the applicable FLSA overtime rates of pay during the relevant statutory period.

3. Upon information and belief, for at least three (3) years prior to the filing of this Collective Action, Defendants willfully and intentionally committed systematic and widespread violations of the FLSA.

## II. JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff Eyes was employed by Defendants in this district and performed work for Defendants in this district at all times relevant to this action. Moreover, Defendants regularly conducted and continue to conduct business in this district, and have engaged, and continue to engage, in FLSA violations alleged herein in this district during all material times in this cause.

## III. CLASS DESCRIPTIONS

6. Plaintiff Michael Eyes brings this action pursuant to 29 U.S.C § 216 (b) of the FLSA on behalf of himself and the following similarly situated class of employees:

> All current and former employees of Defendants who performed work as delivery drivers and/or traveling tank setters anywhere in the United states and who were not compensated at a rate of one and one-half times their regular hourly rate of pay for all hour worked over forty (40) within weekly pay periods during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA violations and, three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to opt-

in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "class members").[1]

## IV. PARTIES

7. Plaintiff Eyes was employed by Defendants as a delivery driver within this district during the applicable statutory limitations' period herein. Plaintiff Eyes' Consent to Join this Collective Action is attached hereto as *Exhibit A*.

8. Defendant United Propane Gas, Inc. is a Kentucky Corporation with its principal office located at 4200 Cairo Road, Paducah, Kentucky 42001 and has been Plaintiff Eyes' "employer" as that term is defined under the FLSA during all times material to this action. Defendant United Propane, Inc., Inc. can be served process through its registered agent: Incorp Services, Inc. 828 Lane Allen Road (Suite 219), Lexington, KY. 40504.

9. Defendant Eric T. Small has been the President of United Propane Gas, Inc. and has exercised operational control over the company, including control over its compensation policies, at all times material herein. He can be served process at: 4200 Cairo Road, Paducah, Kentucky 42001.

## V. ALLEGATIONS

10. Defendant United Propane Gas, Inc. owns and operates seventy-one (71) propane distribution facilities throughout the Eastern part of the United States and has a mixture of larger trucks and smaller vehicles in which it transports propane gas to customers within and outside the State of Tennessee, consisting of tractor/trailer trucks with a gross vehicle weight rating ("GVWR") in excess of five (5) tons and smaller vehicles with a GVWR of less than five (5) tons. All employees classified as delivery drivers of United Propane Gas,

---

[1] Plaintiff reserves the right to modify or amend the "Delivery Drivers" Class Description upon newly discovered information gathered through the discovery process.

Inc. are trained and expected to drive, and do routinely drive, both tractor/trailer trucks and smaller vehicles to customers from and to the State of Tennessee in the transportation of propane gas, tank supplies and other related items.

11. Plaintiff and similarly situated delivery drivers were paid a flat rate of $400.00 per week plus commissions.

12. Plaintiff and similarly situated delivery drivers routinely worked in excess of forty (40) hours per week and, during some winter months, in excess of sixty-five (65) hours per week.

13. However, Plaintiff Eyes and those similarly situated were only paid commissions for hours worked in excess of (40) per week within weekly pay periods during all times material to this action, instead of one and one-half times their regular hourly rate of pay as required by the FLSA.

14. Since Plaintiff and similarly situated delivery drivers were expected to drive smaller vehicles as part of their job duties, and did drive such smaller vehicles, with a GVWR less than five (5) tons in the transportation of Defendants' products, supplies, etc., while affecting interstate commercethey were not exempt from the payment of overtime compensation for all hours worked in excess of forty (40) per week at the applicable FLSA overtime rate of pay during the relevant statutory period herein.

15. Therefore, Plaintiff and other similarly situated delivery drivers are entitled to receive from Defendants unpaid compensation for all hours worked in excess of (40) hours per week at one and one-half times their regular rate of pay within weekly pay periods during the relevant statutory limitations' period to this action.

16. The unpaid overtime claims of Plaintiff and other similarly situated delivery drivers are unified through a common theory of Defendants' FLSA violations.

17. Defendants have been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Original Collective Action Complaint.

18. Defendants employed Plaintiff and those similarly situated and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, under the control and direction of Defendant Eric T. Small during all times relevant to this Collective Action.

19. At all times material, Defendants have had a common plan, policy, and practice of establishing and administering pay practices for their delivery drivers under the direction and control of Defendant Eric T. Small.

20. Plaintiff and those similarly situated have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

21. Defendants have been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

22. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

23. Defendants' failed to record all hours worked (including overtime hours worked) of Plaintiff and those similarly situated and thus failed to keep proper time and payroll records as required by the FLSA.

24. Defendants are unable to bear their burden of showing Plaintiff and similarly situated delivery drivers have been within any of the FLSA overtime exemptions.

25. Defendants' failure to pay Plaintiff Eyes and those similarly situated all overtime compensation due them, as required by the FLSA, was willful and with reckless disregard of the FLSA overtime compensation requirements.

26. Defendants' failure to pay Plaintiff and those similarly situated all overtime compensation due them, as required by the FLSA, was not on a good faith basis.

27. The net effect of Defendants' aforementioned common plan, policy, and practice of failing to pay them for all hours worked in excess of forty (40) per week at the applicable FLSA overtime compensation rate of pay, was a scheme to save on payroll costs and payroll taxes for which Defendants have enjoyed ill gained profits at the expense of Plaintiff and those similarly situated.

28. Although at this stage Plaintiff is unable to state the exact amount owed to him and the putative class , he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

30. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

31. The members of the class are so numerous that joinder of all other members of the respective classes is impracticable. While the exact number of members of the class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are several hundred individuals in the putative class.

32. Plaintiff and class members are similarly situated in that Defendants had a common plan, policy and practice of depriving them of one and one-half times their regular hourly rate of pay for all hours worked over (40) per week within weekly pay period during all times material to this collective action.

33. The unpaid overtime claims of Plaintiff and class members are united through common theories of Defendants' FLSA statutory violations.

34. Common questions of law and fact exist as to the respective classes which predominate over any questions only affecting other members of the classes individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were paid for all of the hours they spent working;

- Whether Defendants failed to pay Plaintiff and members of the class all the overtime compensation due to them for all the hours worked in excess of forty (40) hours per week within weekly pay period during all times relevant;

- Whether Plaintiff and class members worked over forty (40) hours per week within weekly pay periods during all times material to this action without receiving full overtime compensation for such work;

- The correct statutes of limitations for the claims of Plaintiff and members of the class;

- Whether Plaintiff and members of the class are entitled to damages, including, but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendants are liable to Plaintiff and class members for interest, attorneys' interest, fees, and costs.

35. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the members of the class. Plaintiff has no interests adverse to the respective class members, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

36. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for the members of the class to individually seek address for the wrongs done to them.

37. Plaintiff and the members of the class have suffered, and will continue to suffer, irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

38. Plaintiff, on behalf of himself, individually, and on behalf of himself and other members of the delivery driver class, repeats and re-alleges Paragraphs 1 through 37 above as if they were set forth herein.

39. At all times relevant herein, Defendants have been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8

40. At all times relevant herein, Defendants have employed Plaintiff and class members as "employees" within the meaning of the FLSA.

41. Defendants have had a common plan, policy, and practice of willfully failing to pay Plaintiff and class members the applicable FLSA overtime rates of pay (at not less than one and one-half times their regular hourly rate of pay) for all hours worked over forty (40) within weekly pay periods during all times relevant, as previously described.

42. At all times relevant herein, Defendants have had actual knowledge of failing to pay Plaintiff and class members fully for all hours worked in excess of forty (40) per week at the applicable FLSA overtime rates of pay.

43. The unpaid overtime claims of Plaintiff and class members are unified through a common theory of Defendants' FLSA Violations.

44. Defendants acted willfully, and without a good faith basis, in their failure to pay Plaintiff and class members overtime compensation for all hours worked over forty (40) per week within applicable weekly pay periods during all times relevant to this action.

45. As a result of Defendants' willful failure to compensate Plaintiff and class members fully at the applicable overtime rates of pay for all hours worked in excess of forty (40) within applicable weekly pay periods, they have violated (and continue to violate) the FLSA, 29 U.S.C. § 255(a).

46. Due to Defendants' willful FLSA violations and lack of a good faith basis, as described above, Plaintiff and class members are entitled, and hereby seek, to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements

relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of himself and all other similarly situated members of the putative class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the putative class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising respective class members of the pendency of this action and permitting others to assert timely FLSA claims in this action by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime hours to Plaintiff and members the class.

C. An award of liquidated damages to Plaintiff and members of the class;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: October 2, 2020.               Respectfully Submitted,

*/s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*Attorneys for Named Plaintiff, on behalf of themselves and all other similarly situated current and former employees*