UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| MICHAEL EYES, *individually, an on behalf of himself and other similarly situated current and former employees*,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PROPANE GAS, INC., et al.,<br><br>Defendants. | 2:20-CV-00208 |

**REPORT AND RECOMMENDATION**

Plaintiff has filed a Motion for FLSA Conditional Certification [Doc. 33]. This motion was referred to the undersigned for a report and recommendation by the District Judge pursuant to 28 U.S.C. § 636(b). This matter is now ripe for resolution. For the reasons stated below, the undersigned **RECOMMENDS** that Plaintiff's Motion [Doc. 33] be **GRANTED** and the Stipulated Proposed Notice to Potential Class Members and Consent to Join Collective Action form [Doc. 39-1] be **APPROVED** for issuance.

**I.    PROCEDURAL BACKGROUND**

On October 2, 2020, Plaintiff Michael Eyes filed a Complaint [Doc. 1] on behalf of himself and similarly situated current and former employees of Defendant United Propane Gas, Inc. ("United Propane"), naming as defendants United Propane and its president, Eric. T. Small.[1]

---

[1] The Complaint named United Propane Gas, Inc. and Eric T. Small as defendants. An Amended Complaint [Doc. A Stipulation of Dismissal [Doc. 38] was filed on October 28, 2021 dismissing all claims against Defendant Small.

The Complaint alleged collective violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* An Amended Complaint [Doc. 19] was filed on January 20, 2021 adding Lakeway Propane Gas, Inc. ("Lakeway Propane") as a defendant. Plaintiff then filed a Motion for FLSA Conditional Certification and supporting memorandum [Docs. 33-34] on July 1, 2021. Defendants did not file a response to Plaintiff's motion; instead, on October 28, 2021, the parties filed a Stipulation on Plaintiff's Motion for FLSA Conditional Certification [Doc. 39] along with stipulated Notice and Consent to Join forms [Doc. 39-1].

The Complaint alleges that Defendant United Propane owns and operates 85 propane distribution facilities throughout the Eastern United States, and Lakeway Propane is the business name of one of the propane distribution facilities owned by United Propane. [Doc. 19, at 4]. Plaintiff was employed by Defendants as a delivery driver from 2019 to approximately September 2020. Plaintiff was paid a base rate of $400 per week, plus bonuses of two to four cents per gallon of propane pumped. Plaintiff states he and other similarly situated delivery drivers routinely worked more than 40 hours per week but instead of being paid overtime wages for the additional hours worked, they were paid only commission for them. *Id.* at 5. Plaintiff alleges that Defendant violated the FLSA by failing to pay delivery drivers/tank setters overtime when they worked more than 40 hours per week. *Id.* Additionally, Plaintiff asserts that Defendant failed to record all hours worked by Plaintiff and similarly situated employees, including overtime hours, and failed to keep proper time and payroll records as required by the FLSA. *Id.* at 7. Plaintiff contends that because he and similarly situated delivery drivers drove vehicles of a size less than five tons as part of their job duties, they were not exempt from the payment of overtime compensation for all hours worked over 40 per week. *Id.* at 5. Plaintiff states these FLSA violations resulted from policies and practices common across all of

Defendants' business entities. *Id.* at 6. Plaintiff further asserts Defendants' failure to pay overtime compensation was willful and with reckless disregard of the FLSA overtime compensation requirements and was not in good faith. *Id.* at 7. Defendants deny Plaintiff's allegations and maintain that all employees were paid in accordance with the FLSA. [Doc. 39, at 1].

Following the filing of Plaintiff's motion seeking class certification, the parties jointly filed a Stipulation on Plaintiff's Motion for Fair Labor Standards Act Conditional Certification [Doc. 39] wherein the parties agree that conditional certification and the issuance of a Court-approved notice to all individuals Defendants employed as delivery drivers/tank setters from August 16, 2018 to December 19, 2020 is appropriate. *Id.* at 1-2. In their filing the parties advise that they jointly seek this relief in recognition of the fairly lenient standard applicable to the notice phase of the certification process, to avoid unnecessary expense and in the interest of judicial economy. *Id.* Despite this agreement, Defendants make clear that they are not waiving their right to challenge whether this matter should ultimately proceed as a collective action during the second phase of class certification after discovery has been completed. *Id.*

## II.     ANALYSIS

The FLSA requires employers to compensate employees, with certain exceptions, "at a rate not less than one and one-half times the regular rate at which [they are] employed" for all hours worked in excess of forty in a given workweek. 29 U.S.C. § 207. The FLSA empowers employees to file suit against an employer for alleged FLSA violations on their own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). "Section 216(b) establishes two requirements for a representative action: 1) plaintiffs must actually be "similarly situated," and 2) all plaintiffs must

signal in writing their affirmative consent to participate in the action." *Id.* (citing 29 U.S.C. § 216(b); *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989)). "Courts typically use a 'two-phase inquiry' to determine 'whether proposed co-plaintiffs are, in fact, similarly situated for the purposes of the statute's requirements." *Manlove v. Volkswagen Aktiengesellschaft*, No. 1:18-cv-145, 2019 WL 7755928, at *6 (E.D. Tenn. June 11, 2019) (citing *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017). The first phase, known as the notice phase, occurs at the beginning of discovery. *Id.* The second phase takes place after notices and opt-in forms have been distributed and returned and discovery has been completed and the defendant moves for decertification of a conditional class. *Beasley v. Over Easy Mgmt., Inc.*, No. 1:14-cv-366, 2016 WL 11503028, at *2-3 (E.D. Tenn. April 8, 2016) (citing *Comer*, 454 F.3d at 547).

During the notice phase, the court determines whether conditional certification is appropriate and whether notice of the suit should be distributed to similarly situated putative class members. *Id.* The plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546-47 (cleaned up). This "fairly lenient standard" is satisfied if the lead plaintiff makes a "modest factual showing that he and potential co-plaintiffs are similarly situated with respect to the conduct alleged in the complaint." *Manlove*, 2019 WL 7755928, at *6 (citing *Comer*, 454 F.3d at 547). The court does not decide substantive issues going to the merits of the case at this stage. *Id.* This lenient standard generally results in conditional certification of a representative class during the notice phase of the class certification process. *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012). The purpose of conditional certification during this stage is "to provide notice to potential plaintiffs

and to present them with an opportunity to opt-in." *Beasley*, 2016 WL 11503028, at *3 (quoting *Lindberg v. UHS of Lakeside*, 761 F. Supp. 2d 752, 757-58 (W.D. Tenn. 2011).

Here, Plaintiff asserts conditional certification is appropriate pursuant to 29 U.S.C. § 216(b) because Defendants routinely, as part of common policies and practices, failed to pay Plaintiff and other delivery drivers/tank setters overtime compensation when they worked more than forty (40) hours in a work week. [Doc. 8, at 8]. Plaintiff requests an order that 1) authorizes this action to proceed as an FLSA collective action; 2) directing Defendants to provide Plaintiff's counsel with the names, last known addresses, last known email addresses, social security numbers, dates of employment, and last known telephone numbers of all putative class members during the last three (3) years; 3) directing a Court-approved notice be posted at all of Defendants' facilities, be enclosed with currently-employed putative class members' next regularly scheduled paychecks or pay stubs, and be mailed and emailed to all putative class members currently employed or employed within the last three (3) years by Defendants; 4) tolling the putative class' statute of limitations as of the date Plaintiff's Motion for FLSA Conditional Certification was fully briefed; and 5) deeming opt-in plaintiffs' consent forms to be 'filed' on the date they are postmarked. [Doc. 34, at 2].

    a. **Conditional Certification**

Although the parties have stipulated to conditional certification at this stage, the Court will still briefly address the requirements for conditional certification in assessing whether to recommend to the District Court approval of the parties' stipulation. During the notice phase, the Court must determine whether Plaintiff and the purported plaintiffs are "similarly situated" as required by the FLSA. *Comer*, 454 F.3d at 546. "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of

conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) *overruled on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Factors to be considered in this determination include the "factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action." *Id.* "Plaintiffs can be deemed similarly situated 'because their claims are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Beasley*, 2016 WL 11503028, at *2 (quoting *O'Brien*, 575 F.3d at 585). Plaintiff need only show that his position in similar, not identical, to the positions of the putative class members via a modest factual showing. *Comer*, 454 F.3d at 546-47; *see also O'Brien*, 575 F.3d at 584.

In support of this motion, Plaintiff has provided his own declaration as well as the declarations of two other former employees who were employed by Defendants as delivery drivers/tank setters in the past three (3) years. [Doc. 34-2]. Each declarant alleges that he was aware of and subject to Defendants' policy of not paying overtime compensation for hours worked over forty (40) in a work week. *Id.* Further, each declarant asserts that he was paid a base rate of $400 per week plus bonuses of two (2) to four (4) center per gallon of propane pumped and that they frequently operated "smaller" vehicles in the course of their job duties. *Id.* Defendants do not disagree that this showing is sufficient to constitute a "modest factual showing." *See* [Doc. 39].

After careful review of the materials provided by Plaintiff and considering the parties' joint stipulation, the undersigned finds that Plaintiff has made the "modest factual showing" necessary for conditional certification at the notice phase, demonstrating as an initial matter that

he and putative class members are similarly situated with regards to the alleged FLSA violations. by Defendants and therefore has satisfied the "fairly lenient standard". As such, the undersigned **RECOMMENDS** that Plaintiff's request for FLSA conditional certification be **GRANTED** and this action be conditionally certified under the FLSA on behalf of any current and former employees of Defendants who worked as delivery drivers/tank setters from August 16, 2018 to December 19, 2020.[2]

    b. **Notice and Consent Forms**

Having determined that this action should be conditionally certified under the FLSA, the Court now turns to the issue of notice. The Court "may supervise the issuance of notice in FLSA collective actions." *Beasley*, 2016 WL 11503028, at *4 (citing *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 69 (1989)). Under the FLSA, court have authority to "manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to the…Federal Rules of Civil Procedure." *Id.* In the initial motion for conditional certification, Plaintiff made several requests regarding the notice procedure to be used. [Doc. 34, at 2]. However, the proposed order submitted with the parties' joint stipulation requested a more limited notice procedure. [Doc. 39-2, at 1-2]. In the stipulation, the parties agree that Defendants should be granted twenty-one (21) days from the entry of an order granting conditional certification to provide an electronic file to Plaintiff's counsel that is to include the names and last known residential addresses of all putative class members. *Id.* at 1. They further agree that within fourteen [14] days of receipt of this information, Plaintiff's counsel shall mail the proposed notice and consent forms [Doc. 39-1] to all putative class members along with a pre-paid return envelope

---

[2] While some of the prospective plaintiffs began their employment with Defendants prior to August 16, 2018, the parties stipulated to the timeframe [Doc. 39, at 2] requested and the Court does not find it appropriate to consider a more expansive timeframe.

addressed to the office of Plaintiff's counsel. [Doc. 39-2, at 2]. Plaintiff's counsel is to then advise Defendants that the notice period has begun by filing a Notice of Mailing within three (3) days after the mailing has been accomplished. *Id.* The parties request that the notice period run for sixty (60) days after mailing and that all consents to join be deemed "filed" on the date they are electronically filed in the case. *Id.* Plaintiff's counsel would collect and file any late received opt-ins and Defendants would reserve the right to object to the timeliness of them. *Id.*

The undersigned finds this agreed procedure to be a reasonable method for providing potential plaintiffs notice of the suit and an opportunity to opt-in while also providing appropriate protection of their personal information. Additionally, after careful review of the proposed Notice and Consent forms, the undersigned finds that they fairly and accurately provide notice of the suit and an opportunity to opt-in to all putative class members. As such, the undersigned **RECOMMENDS** that the parties' proposed notice procedure and Notice and Consent forms [Doc. 39-1] be **APPROVED** and that the District Court authorize issuance of notice to potential plaintiffs.

c. **Equitable Tolling**

Plaintiff initially requested that the Court issue an order tolling the statute of limitations applicable to the putative class as of the date the motion for conditional certification was fully briefed. [Doc. 34, at 2]. In their joint stipulation addressing conditional class certification, the parties requested that the Court defer determining the applicable statute of limitations until appropriate discovery was completed and they had an opportunity to present further briefing based upon information obtained through the discovery process. *Id.* The Court finds the parties' requested course to be reasonable; thus, the undersigned recommends that the District Court reserve ruling as to the applicable statute of limitations.

## III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Motion for FLSA Conditional Certification [Doc. 33] be **GRANTED**; that the parties' proposed notice procedure and Notice and Consent forms [Doc. 39-1] be **APPROVED** and issuance of notice to potential class members be authorized; and that the District Court defer a ruling to a date to be determined by the Court as to the applicable statute of limitations until the parties have an opportunity to complete relevant discovery and submit additional briefs in support of their positions to the Court.

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge