UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MICHAEL EYES, individually and on behalf of himself and other similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED PROPANE GAS, INC., and LAKEWAY PROPANE GAS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No.:  2:20-CV-208-KAC-CRW<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Before the Court is the Parties' "Joint Motion to Approve Settlement" [Doc. 74], requesting that the Court approve the settlement of Plaintiff's Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") claims. On October 2, 2020, Plaintiff Michael Eyes brought suit "[i]ndividually, and on behalf of" "similarly situated current and former employees" against Defendants United Propane Gas, Inc. and Eric T. Small for alleged violations of the FLSA related to unpaid overtime compensation [Doc. 1]. On January 20, 2021, Plaintiff Eyes amended his complaint, adding Lakeway Propane Gas, Inc. as a Defendant [Doc. 19]. Defendant Small was subsequently dismissed by stipulation on October 28 [Doc. 38]. On March 28, 2022, the Court facilitated notice to other qualifying potential plaintiffs [Doc. 41 at 2]. All told, sixty-nine (69) additional Plaintiffs consented to join this action [Docs. 6-9, 31-32, 43-61]. On November 17, 2023, Plaintiffs and Defendants notified the Court that they had reached a settlement after good-faith negotiations and now seek Court approval of their settlement and dismissal of Plaintiffs' claims with prejudice under Federal Rule of Civil Procedure 41(a) [Doc. 74 at 1].

The FLSA generally requires compensation for overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 . . . shall be liable to the employee . . . in the amount of . . . their unpaid overtime compensation . . . ***and in an additional equal amount as liquidated damages***." 29 U.S.C. § 216(b) (emphasis added).

The circuits are split on whether the settlement of FLSA claims requires Court approval. *Compare, e.g.*, *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same). The Sixth Circuit has not decided the issue. Though one district court in this Circuit has persuasively concluded that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022); *see also Alcantara v. Duran Landscaping, Inc.*, No. 2:21-cv-03947, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022). Other courts in this district, though, have found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g.*, *Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 17-CV-58, 2018 WL 3910999, at *1 (E.D. Tenn. July 30, 2018), *report and recommendation adopted*, No. 17-CV-58, 2018 WL 3910889 (E.D. Tenn. Aug. 15, 2018).

Employees "may not, either prospectively or retroactively, waive their FLSA rights to" "liquidated damages," *see Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603, 606 (6th Cir. 2013), where that remedy is being "bargained away by bone fide settlements of disputes over [FLSA] ***coverage***." *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 110, 114 (1946) (emphasis added). In *D.A. Schulte*, however, the Supreme Court did not decide whether liquidated

2

damages could be waived in "compromises in other situations," "such as a dispute over the number of hours worked." *Id.* at 114-115. In those jurisdictions that require court approval of FLSA settlements, too, it is unclear whether settlement agreements that purport to waive liquidated damages are permissible where the settlement involves a dispute over hours worked. *See, e.g.*, *Lynn's Food*, 679 F.2d at 1355 ("[C]ompromises of FLSA" "liquidated damage claims may be allowed" where there is "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees," "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions"); *but see Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 n.109 (2d. Cir. 2019) (noting that Supreme Court precedent has "expressly reserve[d] the question of whether an employee's release of his right to liquidated damages as part of a bona fide settlement of a bona fide dispute over the number of hours worked or the regular rate of pay would be enforceable") (citing *D.A. Schulte*, 328 U.S. at 114-15).

Here, the proposed settlement seeks to "release and discharge Defendants" from "all known and unknown claims for . . . liquidated damages" to settle a genuine dispute over hours worked and rate of pay [Doc. 74 at 4-5]. Insofar as the FLSA requires this Court to review and approve this settlement, the Parties have not addressed whether Plaintiffs can release their right to liquidated damages under Section 216(b). Accordingly, the Court **ORDERS** the Parties to provide a joint supplemental brief, with citation to relevant authority, addressing whether Plaintiffs may waive liquidated damages in this FLSA settlement under Section 216(b). The Parties **MUST** submit the joint supplemental brief on or before January 2, 2024.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

3