UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MICHAEL EYES, individually and on behalf of himself and other similarly situated current and former employees, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED PROPANE GAS, INC., and )<br>LAKEWAY PROPANE GAS, INC., )<br>)<br>Defendants. ) | No.: 2:20-CV-208-KAC-CRW |

## **MEMORANDUM AND ORDER**

Before the Court is the Parties' "Joint Motion to Approve Settlement" [Doc. 74]. On November 17, 2023, the Parties filed the Joint Motion, notifying the Court that they reached a good-faith settlement of Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and seeking approval of their settlement and dismissal of Plaintiffs' claims with prejudice under Federal Rule of Civil Procedure 41(a) [Doc. 74 at 1]. The Court ordered the Parties to file a joint supplemental brief "addressing whether Plaintiffs may waive liquidated damages" under Section 216(b) of the FLSA as contemplated in the proposed settlement agreement [Doc. 75 at 3]. On December 28, the Parties filed a "Joint Supplemental Brief," arguing that the release of any liquidated damages is permitted because there is "a bona fide dispute" over Defendants' liability [Doc. 76 at 3; *see also* Doc. 74 at 2, 6-8]. For the foregoing reasons, the Court grants the Parties' Joint Motion and dismisses this action with prejudice.

Section 207 of the FLSA generally requires compensation for overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). Under Section 216(b), "[a]ny employer ***who violates*** the provisions of section 206 or section 207 . . . ***shall be liable*** to

the employee . . . in the amount of . . . their unpaid overtime compensation . . . ***and in an additional equal amount as liquidated damages***." 29 U.S.C. § 216(b) (emphasis added). Further, the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

As an initial matter, it is not clear from the text and structure of the FLSA that Court approval of a settlement is required. *Compare, e.g.*, *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same). The Sixth Circuit has not decided the issue. District courts in this circuit have reached disparate conclusions. *See Aske v. Inter-Continental Hotels Corp.*, 620 F. Supp. 2d 635, 643 (W.D. Ky. 2022) (persuasively concluding that no approval is required); *but see Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 17-CV-58, 2018 WL 3910999, at *1 (E.D. Tenn. July 30, 2018), *report and recommendation adopted*, No. 17-CV-58, 2018 WL 3910889 (E.D. Tenn. Aug. 15, 2018) (reviewing and approving settlement at the Parties' request). Until the Sixth Circuit addresses the issue, out of abundant caution and at the Parties' request, the Court reviews the Parties' settlement [*See* Doc. 74 at 1].

The Court must "scrutiniz[e]" a proposed FLSA settlement "for fairness." *Lynn's Food*, 679 F.2d at 1355 (citation omitted). The settlement must represent a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* Generally, employees "may not, either prospectively or retroactively, waive their FLSA rights to" "liquidated damages," *see Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603, 606 (6th Cir. 2013), where that remedy is being "bargained away by bona fide settlements of disputes over [FLSA] ***coverage***,"

2

*see D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 110, 114 (1946) (emphasis added). But the Supreme Court has left for another day whether liquidated damages could be waived in "compromises in other situations," "such as a dispute over the **number of hours worked**." *Id.* at 114-115 (emphasis added); *see also Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 n.109 (2d. Cir. 2019) (noting that Supreme Court precedent has "expressly reserve[d] the question of whether an employee's release of his right to liquidated damages as part of a bona fide settlement of a bona fide dispute over the number of hours worked or the regular rate of pay would be enforceable") (citing *D.A. Schulte*, 328 U.S. at 114-15). The Sixth Circuit has not directly addressed the question. For its part, the Eleventh Circuit has concluded that "compromises of FLSA" "liquidated damage claims may be allowed" where the Court determines that the proposed settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See, e.g.*, *Lynn's Food*, 679 F.2d at 1355.

The FLSA's text does not "shed[] light" on what it means for attorney's fees to be "reasonable." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). But the Sixth Circuit has stated that the award of attorney's fees ensures "effective access to the judicial process" and "encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 502-03. When evaluating the reasonableness of attorney's fees, the Court typically considers (1) "the value of the benefit rendered;" (2) "the value of the services on an hourly basis;" (3) "whether the services were undertaken on a contingent fee basis;" (4) "society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;" (5) "the complexity of the litigation;" and (6) the "professional skill and standing of counsel." *See Moulton v. U.S. Steel*

3

*Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

Here, the proposed settlement fairly and reasonably resolves the Parties' bona fide FLSA dispute. The Parties negotiated the settlement at arms' length with "experienced counsel, particularly adept at litigating wage and hour" disputes [*See* Doc. 74 at 10]. And the "[a]greement is fair, reasonable, and adequate for Plaintiffs" [*Id.* at 11]. Defendants maintain that they have not violated the FLSA [*See* Doc. 74 at 7; *see also* Doc. 74-1 at 2; Doc. 76 at 3]. Yet they agreed to pay $120,000 to settle this action, $80,000 of which will be distributed to specific Plaintiffs "based on his/her respective dates of employment with Defendants, a blended rate of pay based on Defendants' payroll records, and an assumption of one (1) hour and twenty (20) minutes of overtime pay for fifty (50) percent of the weeks worked" [Doc. 74 at 3; *see also* Doc. 74-1]. The proposed settlement also includes "service payments" to certain plaintiffs for "time and effort" "incurred in securing the settlement" [Doc. 74 at 3-4; *see also* Doc. 74-1 at 7].

Plaintiffs' agreement to "release and discharge[]" Defendants from relevant "known and unknown . . . claims for liquidated damages" "under the FLSA" does not change the Court's conclusion [*See* Doc. 74 at 6]. Section 216(b) makes an employer "who violates" Section 207 liable to an employee in the amount of "unpaid overtime compensation" and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, before the statute requires liquidated damages to be paid, an employer must have violated Section 207. In this action, Defendants maintain that they have not violated the FLSA [*See* Doc. 74-1 at 2 ("Defendants deny the claims asserted in the Action and make no admission whatsoever of liability or violation of the FLSA"); *see also* Doc. 74 at 7; Doc. 76 at 3]. Accordingly, without an adjudicated violation,

Section 216(b) does not require Defendants to pay liquidated damages. And release of "liquidated damage claims may be allowed" in this context. *See, e.g.*, *Lynn's Food*, 679 F.2d at 1355.

The settlement agreement also provides for "a reasonable attorney's fee." *See* 29 U.S.C. § 216(b). The Parties agree that Defendants will pay $40,000 for Plaintiffs' attorney's fees and costs [Doc. 74-1 at 7]. Plaintiffs' counsel brought valuable expertise to this case [*See* Doc. 74 at 3; *see also* Doc. 74-1 at 7]. The fees encompass counsel's "time and resources investigating the case, drafting the complaint, conducting discovery and formulating a damages calculation tool that the Parties used in connection with their extensive negotiations" [*See* Doc. 74 at 3]. The reasonable attorney's fees agreed to in this case will incentivize qualified counsel to undertake worthy FLSA litigation in the future, consistent with the FLSA's mandate. *See United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n Local 307*, 732 F.2d 495 at 502-03.

The proposed settlement represents a fair and reasonable resolution of a bona fide dispute over hours worked and liability under the FLSA. *See Lynn's Food Stores*, 679 F.2d at 1355. Accordingly, the Court **GRANTS** the Parties' "Joint Motion to Approve Settlement" [Doc. 74] and **DISMISSES** this action with prejudice. An appropriate judgment shall enter.

SO ORDERED.

*/s/ Katherine A. Crytzer*
KATHERINE A. CRYTZER
United States District Judge